UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM H. SANDERS, ) | | |
|     Plaintiff, ) | | |
| ) | | |
|   vs. ) | | 1:06-cv-660-RLY-TAB |
| ) | | |
| INDIANA DEPARTMENT OF ) | | |
| CORRECTION, ) | | |
|     Defendant. ) | | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, William H. Sanders, was a correctional officer with Defendant, Indiana Department of Correction, incorrectly named as the Indiana Department of Corrections ("IDOC"), from 1997 until August 30, 2002. Plaintiff filed his Complaint after receiving a letter from IDOC informing him that he was not eligible for reinstatement of employment. Plaintiff's Complaint alleges violations of his right to due process and equal protection under the Fourteenth Amendment to the United States Constitution, violations of his rights pursuant to Article 1, Sections 12 and 13 of the Indiana Constitution, and promissory estoppel. IDOC moves to dismiss Plaintiff's claims because his claims are time-barred by the applicable statute of limitations. In addition, IDOC moves to dismiss Plaintiff's promissory estoppel claim for Plaintiff's failure to exhaust his administrative remedies. IDOC also moves to dismiss Plaintiff's federal constitutional claims because IDOC is not a "person" subject to suit under 42 U.S.C. §

1

1983 ("Section 1983"). Finally, to the extent Plaintiff is asserting a claim for damages under the Indiana constitution, IDOC moves to dismiss those claims as well.

The court, having read and reviewed the supporting and opposing briefs, the relevant case law, and being otherwise duly advised, now finds that IDOC's motion should be **GRANTED**.

**I.      Dismissal Standard**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit. Fed. R. Civ. P. 12(b)(6); *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000). The court will dismiss a complaint for failure to state a claim only if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).

**II.     Factual Background**

Plaintiff was employed by the IDOC, and worked in the Indiana Women's Prison. (Complaint ¶¶ 3, 4).

On July 2, 2002, Plaintiff was charged with three counts of sexual misconduct and

one count of conspiracy to commit sexual misconduct. (*Id.* ¶ 6). On that same date, IDOC suspended Plaintiff without pay pending an investigation. (*Id.* ¶ 4).

In a letter dated July 18, 2002, Plaintiff was informed of a pre-deprivation hearing scheduled for August 25, 2001. Because the year was obviously incorrect, Plaintiff called IDOC to verify the correct date of the hearing. Plaintiff was informed that the date was correct except for the year. (*Id.* ¶ 9).

In a letter dated July 25, 2002, Plaintiff was notified that his pre-deprivation hearing was scheduled for that very day at 4:00 p.m. (*Id.* ¶ 10). Having received the notice after the date the hearing was conducted, Plaintiff did not have the opportunity to attend the hearing. (*Id.* ¶ 11). IDOC terminated Plaintiff on August 30, 2002 (*Id.* ¶ 7).

Plaintiff was ultimately acquitted of all criminal charges on April 19, 2005. (*Id.* ¶ 8). Thereafter, Plaintiff sought reinstatement to his former position at IDOC. (*Id.* ¶ 16). IDOC responded in a letter dated May 10, 2005, denying Plaintiff's request on grounds that he failed to grieve his dismissal in a timely manner. (*Id.*).

On March 27, 2006, Plaintiff filed his Complaint in the Marion Superior Court 4, Civil Division. On April 26, 2006, IDOC filed a Notice of Removal premised on federal question jurisdiction, 28 U.S.C. § 1331.

## III. Discussion

### A. Statute of Limitations

IDOC contends that Plaintiff's Indiana state law claims are barred by Indiana Code § 34-11-2-2. That section states in pertinent part:

> An action against the state of Indiana relating to the terms, conditions, and privileges of employment (including, but not limited to, hiring, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) must be brought within two (2) years of the date of the act or omission complained of.

Ind. Code § 34-11-2-2.

The allegations of Plaintiff's Complaint relate to his termination, and the procedure surrounding that termination. Since Plaintiff was terminated on August 30, 2002, and the applicable statute of limitations is two years, Plaintiff should have filed this cause, at the very latest, on or before August 30, 2004. *See Keene v. Marion County Superior Court*, 823 N.E.2d 1216, 1217 (cause of action accrues when discriminatory act allegedly occurred, not when the consequences of the act become painful).

Plaintiff attempts to circumvent the applicable statute of limitations by arguing that the cause of action did not accrue until Plaintiff requested reinstatement on May 3, 2005. Plaintiff's argument is belied by the allegations of his Complaint which specifically states:

> 23. The termination of William Sanders violated his constitutional rights . . .
>
> 26. That the discharge of the Plaintiff . . . violated the Plaintiff's liberty interest . . .
>
> 27. That the Plaintiff was defamed[1] by the Indiana Department of Corrections' purported reason for discharging him . . .

(*See* Complaint ¶¶ 23, 26, 27).

---

[1] In Plaintiff's Response, he submits that he has not alleged a separate claim for defamation.

Because Indiana's two-year statute of limitations applies to Plaintiff's Indiana state law claims, his promissory estoppel claim and his constitutional claims brought under Article 1, Sections 12 and 13, are dismissed.

There is no statute of limitations for Section 1983 claims; therefore, courts apply the most appropriate state statute of limitations for personal injury actions. *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Indiana's statute of limitations for personal injury actions is Indiana Code § 34-11-2-4, so the statute of limitations for Plaintiff's Section 1983 claims is two years.

As noted above, Plaintiff should have filed his Complaint on or before August 30, 2004. Because Plaintiff filed his Complaint after the applicable statute of limitations had run, Plaintiff's federal due process and equal protection claims pursuant to the Fourteenth Amendment are similarly barred.

**B.     Failure to Exhaust Administrative Remedies**

IDOC contends Plaintiff's promissory estoppel claim must be dismissed because he failed to file a grievance under the State Personnel Administration Act, Indiana Code § 4-15-2-35. The grievance procedure for State employees is mandatory and requires a disgruntled employee to exhaust all administrative remedies prior to filing a civil action with the courts. Ind. Code § 4-15-2-35. Plaintiff responds that he was not given the opportunity to attend the pre-deprivation hearing because IDOC provided him with an incorrect date. The fact that Plaintiff did not attend his pre-deprivation hearing did not preclude him from filing a grievance regarding his termination and/or the IDOC's alleged

failure to follow its procedures in terminating him. *See Wicker v. Indiana Reformatory*, 525 N.E.2d 1262, 1267 (Ind. App. 1988). Plaintiff's promissory estoppel claim must therefore be dismissed.

### C.     IDOC Is Not A "Person"

IDOC contends that Plaintiff's Section 1983 claims must be dismissed because IDOC is not a "person" for purposes of Section 1983 liability. Plaintiff fails to address this argument.

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), the Supreme Court held that neither the state nor state officials acting in their official capacities were "persons" under Section 1983. Plaintiff's claim against IDOC must therefore be dismissed.

### D.     Damages Under the Indiana Constitution

Finally, IDOC contends that to the extent Plaintiff seeks damages under the Indiana constitution, his claim is "arguably barred" because "[t]he majority view in Indiana federal courts is that the Indiana Supreme Court would not recognize an implied right of action for damages under the Indiana Constitution." (Defendant's Moving Brief at 7-8). Because this issue has not been resolved by the Indiana Supreme Court and because this issue does not change the outcome of this motion, the court declines to address it.

## IV.     Conclusion

For the reasons set forth above, the court **GRANTS** Defendant's Motion to Dismiss.

**SO ORDERED** this  9th   day of November 2006.

                                       RICHARD L. YOUNG, JUDGE
                                       United States District Court
                                       Southern District of Indiana

Electronic Copies to:

Scott Allen Benkie
BENKIE & CRAWFORD
sabenkie@aol.com

Cynthia B. De Nardi
INDIANA STATE ATTORNEY GENERAL
cynthia.denardi@atg.in.gov

Kathryn Lynn Morgan
INDIANA STATE ATTORNEY GENERAL
Kathryn.Morgan@atg.in.gov